## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**CHRISTINE BROCK,**

  **Plaintiff,**

  v.

**JH PORTFOLIO DEBT EQUITIES, LLC,**

  **Defendant.**

Case No. 18-2685-JAR-TJJ

### MEMORANDUM AND ORDER

On March 6, 2019, Plaintiff Christine Brock filed a Notice of Settlement.[1] Subsequently, the Court issued an order administratively terminating the case and providing a deadline for the parties to file a stipulation of dismissal on or before April 22, 2019.[2] This deadline passed and no stipulation was filed. On August 13, 2019, Plaintiff filed a "Motion to Reopen Case," explaining that Defendant had "failed to uphold its obligations arising pursuant to the settlement agreement[.]"[3] The Motion to Reopen was granted.[4] Before the Court is Plaintiff's Motion to Enforce Settlement Agreement (Doc. 20). Defendants have not responded to the motion, and the time to do so has expired.[5] Therefore, the Court may grant this motion as uncontested.[6]

Plaintiff's motion, coupled with the settlement agreement, demonstrate that the motion should be granted on the merits. Settlements are favored by the Tenth Circuit,[7] and "[t]he trial

---

[1] Doc. 16.

[2] Doc. 17.

[3] Doc. 18 at 1.

[4] Doc. 19.

[5] *See* D. Kan. R. 6.1(d)(1) (providing fourteen-day response time).

[6] D. Kan. R. 7.4.

[7] *See Desktop Direct, Inc. v. Dig. Equip. Corp.*, 993 F.2d 755, 758 (10th Cir. 1993), *aff'd*, 511 U.S. 863 (1994).

court has the power to summarily enforce a settlement agreement entered into by the litigants while the litigation is pending before it."[8]  In resolving issues of contract formation and construction of a purported settlement agreement, the Court applies state law.[9]  Kansas law applies here.[10]

To be enforceable, a settlement must contain a "meeting of the minds on all essential terms and the parties must intend to be bound."[11]  To ascertain whether the parties intended to be bound by a settlement agreement, the Court determines whether the parties' "outward expression of assent is sufficient to form a contract."[12]  "The fact that the parties contemplate the subsequent execution of a formal instrument as evidence of their agreement does not necessarily imply they have not already bound themselves to a definite and enforceable contract."[13]

The record reflects that the parties had a meeting of the minds when drafting the settlement agreement, and that they intended to be bound by that agreement.[14]  Despite the opportunity to weigh in and challenge this assertion, Defendant stands mute.  Therefore, the Court finds that there are no disputed material facts about whether the settlement agreement executed by Plaintiff represents the parties' oral agreement and should be enforced, and therefore grants Plaintiff's motion.  Under the terms of the settlement agreement, Defendant shall: (1)

---

[8] *Shoels v. Klebold*, 375 F.3d 1054, 1060 (10th Cir. 2004).

[9] *Id.*

[10] The settlement agreement states that it "shall be interpreted according to the laws of the State of Kansas for all state law issues, and according to Federal law for all other issues."  Doc. No. 21-3 at 3.

[11] *U.S. ex rel. Quality Tr., Inc. v. Cajun Contractors, Inc.*, No. 04-4157-SAC, 2008 WL 410121, at *6 (D. Kan. Feb. 13, 2008).

[12] *Sw. & Assocs. v. Steven Enters., LLC*, 88 P.3d 1249, 1249 (Kan. Ct. App. 2004) (quoting 1 Lord, Williston on Contracts § 4:1, p. 241 (1990)).

[13] *Cajun Contractors, Inc.*, 2008 WL 410121, at *7 (quoting *Phillips & Easton Supply Co. v. Eleanor Int'l, Inc.*, 512 P.2d 379, 384 (1973)).

[14] *See* Doc. Nos. 21-1, 21-3.

tender to Plaintiff $2000.00; (2) cause its matter currently pending in the District Court of Johnson Countery Kansas to be dismissed with prejudice; (3) cease collection of the alleged debt in the Collection Action; (4) eliminate Plaintiff's alleged debt from her responsibility; and (5) shall not sell the alleged debt to anyone else.[15]  Plaintiff is awarded her reasonable attorneys' fees and expenses incurred litigating the instant motion.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion to Enforce Settlement Agreement (Doc. 20) is **granted**.  Judgment shall be entered in Plaintiff's favor under the terms set forth in the parties' settlement agreement.  Plaintiff is awarded reasonable fees and costs incurred litigating the motion to enforce settlement.

**IT IS SO ORDERED.**

Dated: September 16, 2019

                                        S/ Julie A. Robinson
                                        JULIE A. ROBINSON
                                        CHIEF UNITED STATES DISTRICT JUDGE

---

[15] *See* Docs. 21-1, 21-3.